IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REBECCA C. GRABOWSKI,                )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )  Case No. CIV-08-142-KEW
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social               )
Security Administration,             )
                                     )
          Defendant.                 )

## OPINION AND ORDER

Plaintiff Rebecca C. Grabowski (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 16, 1974 and was 33 years old at the time of the ALJ's latest decision. She completed her high school education. Claimant has engaged in past relevant work as a waitress, home security technician, receptionist, data entry, and telemarketer. Claimant alleges an inability to work beginning

3

October 1, 2003 due to depression, avoidant personality disorder, and back and ankle fractures.

## Procedural History

On October 28, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications for benefits were denied initially and upon reconsideration. On March 9, 2007, Claimant appeared at a hearing before ALJ Lantz McClain in Sallisaw, Oklahoma. By decision dated August 23, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On February 15, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform a significant range of sedentary work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in

4

(1) failing to propound a proper hypothetical to the vocational expert at step five; (2) failing to properly consider the opinions of Claimant's treating physician; and (3) failing to perform a proper credibility evaluation.

**Hypothetical Questioning of the Vocational Expert**

Claimant first contends the ALJ posed a hypothetical question to the vocational expert which did not include all of her impairments. The ALJ asked the vocational expert to formulate an opinion as to the jobs available in the economy to one who was limited to sedentary work with Claimant's background, who could occasionally lift and carry ten pounds, frequently carry up to ten pounds, stand and/or walk for at least two hours out of an eight hour day, sit at least six hours out of an eight hour day, and who is limited to simple repetitive tasks. (Tr. 539). The vocational expert identified the jobs of food order clerk, assembly jobs, and miscellaneous labor jobs as meeting the posed criteria. Id.

On February 26, 2007, Dr. Robert M. Cross, a treating psychologist completed a Mental Residual Functional Capacity Assessment form on Claimant. Moderate limitations were found in Claimant's ability to remember locations and work-like procedures, ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention

5

and concentration for extended periods, ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, ability to work in coordination with or proximity to others without being distracted by them, ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, ability to accept instruction and respond appropriately to criticism from supervisors, ability to get along with coworkers or peers without distracting them or exhibiting behavior extremes, ability to respond appropriately to changes in the work setting and ability to set realistic goals or make plans independently of others. (Tr. 438-39).

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir. 1999). The ALJ failed to include the totality of restrictions found by the evaluating psychologist and supported by the medical record in the hypothetical questioning of

6

the vocational expert. This omission was not explained or justified in the ALJ's decision. As a result, the responses by the vocational expert upon which the RFC was based were flawed. On remand, the ALJ shall include all of Claimant's limitations in the questioning of the vocational expert or explain the decision the basis for not including them.

### Treating Physician's Opinion

Claimant next contends the ALJ failed to properly consider the opinions of Dr. Cross in reaching his decision. In his decision, the ALJ rejected the limitations imposed by Dr. Cross upon Claimant's mental abilities, curiously basing this decision, at least in part, upon the fact the ALJ perceived Dr. Cross' treatment notes looked the same. (Tr. 23). This would not be a valid basis for rejecting the opinion of a treating physician or giving it reduced weight.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial

evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers

8

the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

While the ALJ states he did not give Dr. Cross' opinions controlling weight, he did not discuss what weight he did give the opinions of this treating physician. On remand, the ALJ shall re-evaluate Dr. Cross' opinions and make the necessary findings for assessing the weight of those opinions.

### Credibility Determination

Since the ALJ failed to consider all of the medical evidence in the record as he was required, he could not have based his assessment of Claimant's credibility upon substantial evidence. Upon remand, the ALJ shall re-evaluate his findings on credibility in light of all of the medical evidence in the record.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is

9

**REVERSED** and the matter **REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE